UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 9, 2015

LETTER TO COUNSEL

RE:   *Franklin Burroughs v. Commissioner, Social Security Administration*;
        Civil No. SAG-14-1081

Dear Counsel:

On April 7, 2014, Plaintiff Franklin Burroughs petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Mr. Burroughs protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in March and April of 2011, respectively. (Tr. 159-62, 163-68). He alleged a disability onset date of March 22, 2010. *Id.* His claims were denied initially and on reconsideration. (Tr. 101-05, 109-12). A hearing was held on November 21, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 30-54). Following the hearing, the ALJ determined that Mr. Burroughs was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-29). The Appeals Council denied Mr. Burroughs's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Burroughs suffered from the severe impairment of "disorders of muscle, ligament and fascia." (Tr. 18). Despite this impairment, the ALJ determined that Mr. Burroughs retained the residual functional capacity ("RFC") to:

> perform a range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he would be limited in pushing/pulling with the left lower extremity, could frequently climb ramps/stairs, stoop, kneel, crouch, and crawl, and could occasionally climb ladders/ropes/scaffolds and balance. The claimant is further limited to understanding and completing simple tasks.

*Franklin Burroughs v. Commissioner, Social Security Administration*
Civil No. SAG-14-1081
February 9, 2015
Page 2

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Burroughs could perform his past relevant work as a convenience store clerk, dish washer, kitchen helper, and cart puller, and that, therefore, he was not disabled. (Tr. 24-25).

Mr. Burroughs raises two primary arguments on appeal: (1) that the ALJ should have found his mental impairments to be severe; and (2) that the ALJ assigned inadequate weight to Mr. Burroughs's testimony about his limitations. Each argument lacks merit and is addressed below.

First, Mr. Burroughs contends that the ALJ erred at step two of the sequential evaluation by not determining that his depression and adjustment disorder constitute severe impairments. Pl. Mem. 11-14. Step two is simply a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), however, the analysis proceeds to the next step. *Id.* In this case, the ALJ determined that Mr. Burroughs suffered from a severe physical impairment, and, thus, proceeded to steps three and four of the sequential evaluation. (Tr. 18). At step four, while determining the extent of Mr. Burroughs's functional limitations, the ALJ thoroughly evaluated both Mr. Burroughs's subjective complaints about his mental impairments and his medical record, including his psychological evaluation with a consultative examiner. (Tr. 20, 21, 23-24). Accordingly, any error by the ALJ at step two, regarding whether Mr. Burroughs's mental impairments were severe, was harmless, since the ALJ fully considered the impact of his mental impairments when determining his RFC assessment. I further note that the ALJ applied the appropriate special technique for evaluation of mental impairments at step two, and despite finding no significant limitation warranted in the record, imposed a non-exertional limitation to "understanding and completing simple tasks." (Tr. 18, 23). Therefore, remand for further valuation of his mental health issues is unwarranted.

Mr. Burroughs's remaining argument is that the ALJ erred in making an adverse credibility assessment, and should have afforded greater weight to his testimony about his limitations. Pl. Mot. 14-17. Notably, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the claimant's burden, through the first four steps of the sequential evaluation, to present evidence establishing disability. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Here, Mr. Burroughs sought very little treatment, in an emergency setting or otherwise, and thus had few medical records to establish disability. To address the dearth of medical records, particularly considering Mr. Burroughs's lack of insurance, the agency procured two separate consultative examinations from Dr. Russell, who noted both times that Mr. Burroughs "would

*Franklin Burroughs v. Commissioner, Social Security Administration*
Civil No. SAG-14-1081
February 9, 2015
Page 3

have at least a medium physical demand capacity."[1]  (Tr. 22, 23).  The two state agency reviewing physicians came to two different conclusions, with one finding Mr. Burroughs capable of a range of medium work, like Dr. Russell, and with the other concluding that Mr. Burroughs would be limited to a range of sedentary work.  (Tr. 23).  The ALJ weighed both opinions and sided with the reviewing physician, whose opinion accorded with the opinions of Dr. Russell. *Id.*  The ALJ supported his credibility assessment, then, with substantial evidence derived from the medical sources.  Accordingly, there is no basis for remand.

For the reasons set forth herein, Mr. Burroughs's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Dr. Russell noted at the examinations that Mr. Burroughs did not require physical assistance for self-care or mobility, used a cane at one visit which was "a little too tall for him and in the inappropriate hand" but was not required for ambulation, had no strength deficit, and had intact sensation and reflexes.  (Tr. 250-52, 266-68).